**Ann Burrough (Donovan) CENNAMO, Plaintiff,**

v.

**AMERICAN SECURITY & TRUST CO. et al., Defendant.**

**Admin. No. 1207–69.**

United States District Court, District of Columbia.

Nov. 2, 1970.

John L. Laskey, Washington, D. C., Guardian Ad Litem for Cynthia D. and Dean S. Reiche.

Arthur C. Elgin, Washington, D. C., for defendant Janet T. Reiche.

F. William Burke, Washington, D. C., for defendant American Security & Trust Co.

Anthony D. Cennamo, Washington, D. C., for plaintiff Ann Burrough (Donovan) Cennamo.

John Lewis Smith, III, Washington, D. C., Guardian Ad Litem for James H. Donovan, III.

## MEMORANDUM

GASCH, District Judge.

Plaintiff is the sole heir at law and next of kin of decedent Dorothy H. Burrough. Under a prior will she was designated as the beneficiary of a trust which would have paid her the net income quarterly, the corpus to have been distributed to her at age 35. Under the will and codicil which have been admitted to probate, she is the life beneficiary of a similar trust but final distribution of the corpus is to be made to plaintiff's surviving issue and issue of decedent's niece. Plaintiff has already received some benefits under the will: a legacy of $3,000, regular distributions of trust income, payment from trust fund of $5,000 for down payment on house (as provided for in trust provisions), and medical and other extraordinary expenses. According to the trust officer's account, benefits received total about $17,000. Plaintiff contests the will alleging undue influence over testatrix, that testatrix was of unsound mind and that the will was procured through fraud and deceit. In her amended complaint she alleges, in addition, that the trust created by the will violates the rule against perpetuities and that certain other paper writings constitute testatrix' true will. Plaintiff had consented to the probate of the will although she specifically reserved the right to file a caveat. The minor children of plaintiff and decedent's niece are represented by guardians ad litem in this litigation and have moved for summary judgment.

The question presented on the motion is whether one who takes benefits under a will is estopped from contesting the validity of that will. Plaintiff, in her pleadings, makes much of the point that she expressly reserved her right to file a caveat when she consented to probate. It is clear that mere consent to probate, even without reservation, does not estop contest of the will. Here, however, the question turns on the acceptance of benefits, not merely the consent to probate.

Utermehle v. Norment, 22 App.D.C. 31 (1903), aff'd 197 U.S. 40, 25 S.Ct. 291, 49 L.Ed. 655 (1905), appears controlling. The Supreme Court stated in that case:

> As to what is the law relating to a party taking the benefit of a provision in his favor under a will, there is really no foundation to dispute the proposition that he thereby is precluded from, at the same time, attacking the validity of the very instrument under which he received the benefit. 197 U.S. at 57, 25 S.Ct. at 296.

The facts in the present case can be distinguished from *Utermehle* but the following quote sheds some light on the rationale of the Court's rule:

> When, *in addition* to the fact that he took a benefit under the will, a party has acquiesced in its validity for many years, and the opposing party in interest has acted upon such consent and acquiescence, and has so changed his position on that account that he

cannot be restored to it, and where witnesses have, in the meantime, died, the reason for the rule upon which an estoppel is founded is *thereby greatly strengthened.* 197 U.S. at 58, 25 S.Ct. at 297 (emphasis added).

Plaintiff argues that *Utermehle* is based on traditional estoppel analysis and that those elements are not present in this case. She emphasizes that there are no other beneficiaries who have received distributions under the will who would be affected by the challenge. In *Utermehle* there were two other devisees who would be affected if the will were invalidated. Plaintiff also points out that either under the prior will or through intestacy she would receive more than under the present will. However, the above quotation indicates that the Court found that these additional elements support estoppel, but that they are not necessary elements. If the consent to probate or the acceptance of benefits were procured by fraud or misrepresentation, the rule may be avoided. However, there is no supported contention that there was any fraud on the Bank's part. Plaintiff also contends that the issue is not ripe for summary judgment in that there are unresolved factual issues. While it is true that she denies receiving substantial benefits, there is the trust officer's uncontested affidavit specifying disbursements to her in the amount of $17,000 and there are copies of her receipts for some of the money. In response to requests for admission, she admits to receiving benefits. There is no indication in the cases that the amount of the benefits received is controlling. The other factual issues raised seem to go to the main complaint and not to the issue of benefits received.

The motion for summary judgment should be granted.

### ORDER

Upon consideration of defendants Cynthia D. and Dean S. Reiche's motion for summary judgment and memorandum and affidavits filed in support thereof, and upon argument by counsel in open Court, it appearing that this case comes within the rule of Utermehle v. Norment, 22 App.D.C. 31 (1903), aff'd 197 U.S. 40, 25 S.Ct. 291, 49 L.Ed. 655 (1905), it is by the Court this 2nd day of November, 1970,

Ordered that defendants' motion be and it is hereby granted.